The STATE of Ohio, Appellee,

v.

CARTER, Appellant.

[Cite as *State v. Carter* (1998), 128 Ohio App.3d 419.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 98CA5.

Decided June 18, 1998.

J.B. *Collier, Jr.,* Lawrence County Prosecuting Attorney, and *Jeffery M. Smith,* Assistant Prosecuting Attorney, for appellee.

*Charles Houdyschell, Jr.*, for appellant.[1]

KLINE, Judge.

Calvin L. Carter appeals his conviction for robbery in the Lawrence County Court of Common Pleas. Carter asserts that the trial court prevented him from receiving effective assistance of counsel by summarily denying his request to appoint new counsel. We agree because the trial court failed to make a minimal inquiry into Carter's specific allegations of a complete breakdown of the attorney-client relationship. Additionally, we find a reasonable probability that Carter would not have pled guilty if the trial court had honored his right to counsel, and therefore the error prejudiced Carter. Accordingly, we reverse the judgment of the trial court.

I

The Lawrence County Grand Jury indicted Carter on one count of aggravated robbery in violation of R.C. 2911.01(A)(1). Carter entered a not guilty plea to the charge and claimed indigency. The trial court appointed counsel to represent Carter, who filed demands for discovery and a bill of particulars on Carter's behalf.

At the pretrial conference on January 7, 1998, Carter addressed the trial court as follows:

"Yes, I feel that [my counsel] has not represented in the matter that I think he should. He has lied to me on several different statements that I asked him about this crime and stuff. He tells me one thing and then he comes back and tells me another thing. He, upstairs in front of the police officer, when I asked him and he said, 'Yes, I did say that,' I have tried to contact him numerous times and he would not take my calls. My people on the street would try to contact him, and he would not take their calls. I feel that him and J.B. Collier are working too close together in this matter against me. I would ask the court to appoint me another attorney."

The trial court did not inquire as to whether Carter's counsel was dishonest with Carter in the conversation in front of a police officer or in any other conversation, whether counsel had in fact failed or refused to communicate with Carter, or whether Carter's counsel was working with the prosecuting attorney and against Carter. Rather, the trial court addressed Carter's request and allegations as follows:

---

1. Different counsel represented Carter in the trial court.

"[A]s to the appointment of counsel, the court is obligated under the laws of Ohio to appoint where defendants are indigent and without funds to retain counsel, that's why the court appoints. If you're unhappy with the court appointed counsel, you're certainly entitled to hire your own. No problem with that. * * * Keep in mind, however, that whatever attorney you speak to, and if in fact you do hire counsel, the case is set for trial on the twenty-second of January. There are time restraints imposed upon the court by the Supreme Court of Ohio and the Constitution of Ohio about when your trial has to be held. We can't just, they just can't keep you there forever. You're entitled to come before the court on a trial. In terms of removing [appointed counsel], I'm not going to do that. He is still your lawyer."

In light of the court's decision, Carter indicated that he wished to enter a guilty plea.

The trial court ordered Carter to confer with his counsel and sign a waiver of his right to a jury trial and a questionaire stating that he understood his rights and wished to plead guilty. Carter indicated on the form that he understood his rights but that he had no confidence in his attorney. The court accepted Carter's guilty plea and scheduled a sentencing hearing.

At the sentencing hearing, Carter informed the victim of the robbery that he was sorry and that he hoped the victim could forgive him. The trial court sentenced Carter to seven years in prison.

Carter timely appealed, asserting the following assignment of error:

"The Court of Common Pleas of Lawrence County committed reversible error by denying the appellant his right to effective assistance of counsel under the 6th and 14th Amendments to the United State's [sic] and under Article I, Section 10 of the Ohio Constitution, and by not conducting a hearing on the appellant's request for new counsel, when it summarily denied the appellant's request to appoint new counsel after the appellant informed the court that the attorney-client relationship between the parties had so deteriorated that there was not proper communication, cooperation and trust between the appellant and his trial counsel, thus rendering the subsequent guilty plea less that [sic] intelligent and voluntary."

## II

An indigent defendant's right to counsel does not extend to counsel of the defendant's choice, *Thurston v. Maxwell* (1965), 3 Ohio St.2d 92, 93, 32 O.O.2d 63, 64, 209 N.E.2d 204, 205–206, and does not mean that appointed counsel must develop and share "a meaningful relationship" with his client. *State v. Blankenship* (1995), 102 Ohio App.3d 534, 558, 657 N.E.2d 559, 574, citing *Morris v.*

*Slappy* (1983), 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610, 620–621. Grounds for obtaining newly appointed counsel exist only upon "a showing of good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust result." *Blankenship, supra,* 102 Ohio App.3d at 558, 657 N.E.2d at 574, citing *State v. Pruitt* (1984), 18 Ohio App.3d 50, 57, 18 OBR 163, 170–171, 480 N.E.2d 499, 507–508. Upon such a showing, however, "failure to honor the defendant's timely request amount[s] to a denial of effective assistance of counsel." *Pruitt* at 57, 18 OBR at 170, 480 N.E.2d at 507.

The defendant bears the burden of announcing the grounds for a motion for appointment of new counsel. If the defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record. *State v. Deal* (1969), 17 Ohio St.2d 17, 20, 46 O.O.2d 154, 155, 244 N.E.2d 742, 743–744; *State v. King* (1995), 104 Ohio App.3d 434, 437, 662 N.E.2d 389, 390–391; *State v. Prater* (1990), 71 Ohio App.3d 78, 83, 593 N.E.2d 44, 46–47. "The inquiry may be brief and minimal, but it must be made." *King, supra,* at 437, 662 N.E.2d at 390–391, citing *Prater, supra.* Even that limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further. See *State v. Deal, supra,* at 19, 46 O.O.2d at 155, 244 N.E.2d at 743. Failure to inquire into specific allegations constitutes an error as a matter of law. *Id.* Upon inquiry, the decision to appoint new counsel rests within the discretion of the trial judge. *State v. Dukes* (1986), 34 Ohio App.3d 263, 265, 518 N.E.2d 28, 30–31; *Pruitt, supra.*

In this case, Carter timely alleged that his counsel lied to him on at least one specific occasion, refused to communicate with him, and worked on the state's behalf against him. We find that these allegations, if true, exhibit a conflict of interest, a complete breakdown of communication, and an irreconcilable conflict between Carter and his counsel. Further, we find that Carter's allegations were sufficiently specific to trigger the trial court's duty to further investigate the truth of the allegations. The trial court did not address Carter's allegations. Instead, the trial court informed Carter that he could hire new counsel but that the court would neither appoint new counsel nor grant a continuance. We find that the trial court erred as a matter of law by failing to inquire into Carter's allegations.

## III

Carter also must show that the trial court's error prejudiced him. A guilty plea waives all appealable errors except for errors which precluded a knowing, intelligent and voluntary plea. *State v. Spates* (1992), 64 Ohio St.3d 269,

272–273, 595 N.E.2d 351, 353–354. In order to establish such prejudice, the defendant must show that there is a reasonable probability that, but for the deprivation of his Sixth Amendment right, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 370–371, 88 L.Ed.2d 203, 210; *State v. Mootispaw* (Mar. 26, 1998), Lawrence App. No. 97CA26, unreported, 1998 WL 191934.

Carter claims that he pled guilty only because the trial court denied his request for new appointed counsel. In support of this claim, Carter points out that he appeared before the court for a pretrial hearing and did not indicate any desire to offer a guilty plea until after the trial court denied his request. Additionally, Carter contends that the court misled him by indicating that, even if Carter hired his own counsel, Carter's right to a speedy trial right would prevent the court from granting a continuance. The trial court did not inform Carter that he could waive or toll his speedy trial rights to secure a reasonable continuance for new counsel to prepare for trial. Thus, Carter contends that the trial court led him to believe that his only options were to plead guilty or proceed without effective assistance of counsel.

The state points out that Carter stated on the record and in writing that his plea was knowing, intelligent, and voluntary. Further, the state notes that Carter confessed to the police and apologized to his victims at his sentencing. Finally, the state asserts that the record contains evidence that Carter's counsel adequately represented Carter, including a demand for discovery, a demand for a bill of particulars, and a presentence memorandum urging leniency.

While the state has compiled overwhelming evidence of Carter's guilt, the focus of our inquiry here is not whether there is a reasonable probability that the result of a trial would have been different had Carter been afforded his Sixth Amendment right to counsel. Cf. *State v. Lytle* (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623, paragraph three of the syllabus. Because Carter pled guilty before his trial commenced, the record contains no evidence upon which we could base such an analysis. Rather, we must inquire whether there exists a reasonable probability that Carter would not have pled guilty had the trial court afforded Carter his Sixth Amendment right to counsel. Likewise, the quality of appointed counsel's sentencing brief and discovery motions is irrelevant, as it provides no insight into the truth of Carter's allegations or the reason behind his guilty plea.

We find that Carter demonstrated with reasonable probability that he would not have pled guilty if the trial court had not summarily rejected his motion for appointment of new counsel. Thus, Carter demonstrated that the trial court infringed upon his Sixth Amendment right to effective assistance of counsel and prejudiced him by doing so. Accordingly, we reverse the judgment of the trial

court and remand this case to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, J., concurs.

HARSHA, J., concurs in judgment only.