[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Montez L. Taylor, appeals a conviction for assault pursuant to R.C. 2903.13(A). We find no merit in his three assignments of error, and we, therefore, affirm his conviction.
{¶ 3} In his first assignment of error, Taylor contends that the trial court erred in failing to inquire into his motion to discharge his appointed counsel and to appoint new counsel. To justify the appointment of new counsel, an indigent defendant must demonstrate that there has been a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel.State v. Coleman (1988), 37 Ohio St.3d 286, 525 N.E.2d 792; State v.Gordon, 149 Ohio App.3d 237, 2002-Ohio-2761, 776 N.E.2d 1135. Specifically, the defendant must show good cause such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict leading to an apparently unjust result. Gordon, supra; State v.Blankenship (1995), 102 Ohio App.3d 534, 657 N.E.2d 559.
{¶ 4} If the defendant alleges facts with specificity, which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record. State v.Deal (1969), 17 Ohio St.2d 17, 244 N.E.2d 742; State v. Carter (1998),128 Ohio App.3d 419, 715 N.E.2d 223; State v. Washington (Aug. 17, 2001), 1st Dist. No. C-000754. Despite Taylor's claim to the contrary, the record in this case demonstrates that the trial court inquired extensively about Taylor's concerns about his counsel. Ultimately, Taylor admitted that he had a good attorney who had prepared appropriately and that it would be imprudent to change counsel at that time. Defense counsel stated that he was prepared to proceed to trial, and he did not request to withdraw as counsel. Under the circumstances, Taylor did not demonstrate a breakdown of the attorney-client relationship of such magnitude as to deny him effective assistance of counsel. Accordingly, we overrule his first assignment of error.
{¶ 5} In his second assignment of error, Taylor contends that the evidence was insufficient to support his conviction. The state's evidence showed that Taylor punched a corrections officer in the face and caused him to suffer bruising, a bloodshot eye and severe headaches. Thus, the evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Taylor had knowingly caused or attempted to cause physical harm to the officer upon the grounds of a local correctional institution. Thus, the evidence was sufficient to support Taylor's conviction for assault as a fifth-degree felony pursuant to R.C. 2903.13(A)(1) and (C)(2). See State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492; State v. Zieglehofer, 6th Dist. No. WD-02-038, 2003-Ohio-1404. We overrule his second assignment of error.
{¶ 6} In his third assignment of error, Taylor contends that his conviction was against the manifest weight of the evidence. After reviewing the evidence, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Taylor's conviction and order a new trial. Therefore, the conviction was not against the manifest weight of the evidence. See Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v.Allen (1990), 69 Ohio App.3d 366, 590 N.E.2d 1272; State v. Wedge (Dec. 21, 2001), 1st Dist. No. C-000747. We, therefore, overrule his third assignment of error and affirm his conviction.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.