JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Michael Armstrong appeals his conviction in the Cuyahoga County Court of Common Pleas for gross sexual imposition. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case arose from allegations that defendant had sexual contact with a fourteen-year-old girl while at the home of the child's great-grandmother, Rejohnnie Walton.
 {¶ 3} On June 25, 2002, the Cuyahoga County Grand Jury indicted defendant on two counts of gross sexual imposition, in violation of R.C.2907.05. On January 15, 2003, the trial began.
 {¶ 4} At trial, the victim testified that defendant was a long-time family friend who helped her great-grandmother care for her great-grandfather, who was suffering from health problems. She testified that defendant first molested her in August of 2001 when he inserted his finger into her vagina, asked to see her breasts, and made sexual advances toward her at her great-grandmother's house. She stated that she did not tell anyone about the incident because she was scared and because he was helpful to her great-grandmother.
 {¶ 5} The victim testified that on another visit to her great-grandmother's house, defendant made sexually explicit remarks to her. She also testified that in May of 2002, defendant fondled her buttock while she was in the kitchen at her great-grandmother's house. She testified that later that evening, she wrote a letter, detailing what the defendant had done to her and gave it to her mother. She testified that her mother was upset and called her great-grandmother to tell her what happened. She testified that her mother called the police the following day to make a report and that she made statements to a social worker and Detective Daniel Ross of the Cleveland Police Sex Crimes Unit.
 {¶ 6} In addition to the victim, the State called Chene Barnes, the child's mother. She testified that her daughter gave her a letter detailing what the defendant had done to her. She was crying and upset when she gave the letter to her. Ms. Barnes testified that she called Rejohnnie Walton and told her what the victim had said. She stated that she took her daughter to the police station to make a report.
 {¶ 7} The State also called Rejohnnie Walton, the child's great-grandmother. She testified that defendant helped her with the care of her husband and that she considered him to be part of her family. She testified that in May of 2002, Chene Barnes called her to tell her that the victim had stated that defendant had fondled her when she was thirteen years old. She stated that she did not want to tell other members of the family because she was afraid that they would attempt to hurt the defendant.
 {¶ 8} Finally, the State called Det. Daniel Ross of the Cleveland Police Department Sex Crimes Child Abuse Unit. He testified that he interviewed the victim and her mother as part of his investigation. He testified that the defendant refused to speak with him. He stated that he recommended the case be brought before the Grand Jury. Following the State's case-in-chief, defendant made a Crim.R. 29 motion for acquittal, which the trial court denied.
 {¶ 9} Defendant did not testify and did not present any witnesses on his own behalf.
 {¶ 10} The jury found defendant guilty of gross sexual imposition as charged in Count One of the indictment and not guilty of gross sexual imposition as charged in Count Two. Defendant was sentenced to 18 months of incarceration and found to be a sexually-oriented offender. Defendant has timely appealed raising two assignments of error.
 {¶ 11} "I. The verdict is not supported by sufficient evidence and is against the manifest weight of the evidence."
 {¶ 12} In his first assignment of error, defendant challenges the adequacy of the evidence presented at trial. Specifically, defendant claims that the State failed to present sufficient evidence to support his conviction for gross sexual imposition and that his conviction for gross sexual imposition is against the manifest weight of the evidence. We disagree and find that an evaluation of the weight of the evidence is dispositive of both issues in this case.
 {¶ 13} The sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 14} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Id. at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten (1986),33 Ohio App.3d 339, 340. Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. State v.Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4.
 {¶ 15} Here, defendant was convicted of gross sexual imposition, in
 {¶ 16} violation of R.C. 2907.05(A)(1), which states, in pertinent part, "no person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender * * * when * * * the offender purposely compels the other person * * * to submit by force or threat of force." Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 {¶ 17} At trial, the jury heard the victim testify that defendant molested her when she was thirteen years old by inserting his finger into her vagina and asking to see her breasts. The jury heard the victim testify that defendant made sexual remarks to her and fondled her buttocks when she was fourteen years old. The jury heard the victim testify that she was upset and scared. The jury heard the victim's mother testify that the victim gave her a note telling her what the defendant had done to her and that she was upset and crying as she told her. The jury heard Det. Daniel Ross of the Sex Crimes Unit give the same account.
 {¶ 18} Defendant argues that the State's witnesses were not credible and that the evidence did not support his conviction for gross sexual imposition. We disagree. The jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting defendant of gross sexual imposition. Consequently, we conclude that defendant's assertion that the State did not produce sufficient evidence to support a conviction, therefore, is also without merit.
 {¶ 19} Defendant's first assignment of error is overruled.
 {¶ 20} "II. Appellant did not have effective assistance of counsel in violation of the United States and Ohio Constitutions."
 {¶ 21} In his second assignment of error, defendant argues that he was denied his constitutional right to the effective assistance of counsel when the trial court denied his motion for new counsel. We disagree.
 {¶ 22} A trial court's failure to honor a timely request for new counsel would constitute a denial of effective assistance of counsel if the defendant has demonstrated "good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict." State v. Blankenship (1995), 102 Ohio App.3d 534, 558; Statev. Carter (1998), 128 Ohio App.3d 419, 423.
 {¶ 23} Here, the record contains no evidence indicating that any such circumstances existed in this case. The trial court inquired at length into defendant's dissatisfaction with his trial counsel and in fact, allowed defendant three different defense counsel throughout the case. Accordingly, we find no abuse of discretion by the trial court in denying defendant's motion for the appointment of new counsel.
 {¶ 24} Defendant's second assignment of error is overruled.
 {¶ 25} The Judgment is affirmed.
Judgment affirmed.
Timothy E. McMonagle, and Sean C. Gallagher, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.