Hall, Judge,
concurring in part and dissenting in part.
{¶ 69} I agree with the majority’s conclusion, with respect to the first two assignments of error, that the trial court correctly overruled the defendant’s motion to suppress. However, I disagree with the conclusion that during sentencing the trial court failed to conduct an adequate hearing when the *662 defendant indicated that he wanted to withdraw his former plea. The majority-orders the case remanded for a hearing on the defendant’s motion to withdraw his plea for three reasons, none of which in my opinion constitute reversible error. I would affirm the trial court’s denial of the defendant’s request to withdraw his plea.
{¶ 70} The first of the majority’s reasons for remand is that at the time of the defendant’s no-contest plea, when asked by the court whether he was satisfied with the advice and competence of his counsel, the defendant said, “Not really.” In response, the court confirmed that the defendant was making his plea voluntarily. Thereafter, the court conducted a complete and thorough Crim.R. 11 colloquy, which consists of 14 pages of transcript. Moreover, when the court inquired whether the defendant had reviewed the plea form with his lawyer, the defendant asked, “Can I go over it again?” The court responded, “Sure you can. You certainly can.” And the court then confirmed, “[S]o, did you, uh have a chance to go over that with your attorney...... *?” The defendant replied, “Yes.” Thus, the statement that the defendant was “not really” satisfied with his attorney has been taken factually out of context from the entire plea colloquy. The plea form, which the court gave the defendant additional time to review with his lawyer, states: “I am satisfied with my attorney’s advice, counsel and competence.” Therefore, the “not really” remark by the defendant is also taken out of its legal context.
{¶ 71} There is no requirement that a criminal defendant must develop and share a “meaningful relationship” with his attorney. State v. Satterwhite, Montgomery App. No. 23142, 2009-Ohio-6593, 2009 WL 4829829, ¶ 41, citing Morris v. Slappy (1983), 461 U.S. 1, 13, 103 S.Ct. 1610, 75 L.Ed.2d 610. Although a court must inquire into, and make a record of, specific allegations of an appointed attorney’s deficient performance, State v. Deal (1969), 17 Ohio St.2d 17, 18, 46 O.O.2d 154, 244 N.E.2d 742, vague or general objections do not trigger a duty to investigate further. State v. Carter (1998), 128 Ohio App.3d 419, 715 N.E.2d 223. A “not really” comment does not even amount to a vague or general complaint. In State v. Simons (Nov. 22, 2000), Champaign App. No. 99CA5, 2000 WL 1726904, the defendant moved to dismiss his appointed counsel and identified the reason for the request as a conflict of interest. This court held that “the mere claim of a ‘conflict of interest,’ without more, is not a sufficiently specific allegation to trigger the duty to investigate further.” Id at *3. Likewise, the defendant’s “not really” comment here is not a reason to send this case back to the trial court to inquire into what the trial court was not required to inquire into in the first instance.
{¶ 72} The second reason the majority cites to require remand is that at sentencing, during the “hearing” on the defendant’s request to change his plea, *663 the trial court made a misstatement about what could constitute trafficking. The statement “if you get up to a certain amount,, it still comes under the trafficking section of the code” was undoubtedly incorrect. It harkens back to the statutory scheme before S.B. 2 became effective in 1996. At that time, possession of a drug in a quantity of more than “bulk” amount came under the trafficking section, R.C. 2925.03. The then-applicable statutory scheme effectively created a presumption that possession of a statutorily defined “bulk” amount constituted trafficking. See former R.C. 2925.03(A)(4) (defining trafficking as possession of “a controlled substance in an amount equal to or exceeding the bulk amount * * * ”). The current trafficking section no longer includes that presumption. Nevertheless, the phrase “bulk amount” remains in the code at R.C. 2925.01(D). “Bulk amount” is now used to stratify the level of drug offenses, except for those involving marijuana, cocaine, LSD, heroin, and hashish, which have their own separate quantity/level classification.
{¶ 73} But the court’s misstatement, factually and legally, is of no consequence. Factually, the defendant was indicted for trafficking in that he did “knowingly * * * transport, deliver, prepare for distribution * * * Crack Cocaine” in an amount of ten or more grams but less than 25 grams, a felony of the second degree. He admitted that the 13 grams of crack found in the glove box of the car were his. He had gotten the crack to make a little extra money for the holidays. The drugs had been “fronted” to him. He knew two people in Dayton who would help him get rid of it. His only denial was that he was not going to sell the drugs in Troy, Ohio. These statements, which the trial court found to be admissible, and which we affirm, are sufficient to implicate the defendant in trafficking.
{¶ 74} The legal import of the trial court’s misstatement is that it was made during the hearing on the request to withdraw the plea, not during the Crim R. 11 colloquy when the defendant might have relied on it before making a knowing and voluntary plea. The defendant had made that choice weeks earlier after a full, complete, and accurate plea. And the defendant knew that the state claimed that he was going to sell the drugs because that evidence was addressed at the motion to suppress. Factually and legally, the misstatement did not prejudice the defendant.
{¶ 75} This leads to the third reason for the majority’s remand: that the hearing on the request to withdraw the plea was inadequate. A hearing on a request to withdraw a plea at the time of sentencing need be no more than giving the defendant or counsel the opportunity to explain the basis for the request. Time and again, this court and other courts of appeals have found a hearing on a motion to withdraw a plea to be adequate when it consisted of no more than a brief opportunity for the defense to state the reasons why the defendant wanted to withdraw his plea. State v. Forest, Montgomery App. No. 19649, 2003-Ohio- *664 1945, 2003 WL 1894588, citing State v. Holloman (June 22, 2001), Greene App. No. 2000CA82, 2001 WL 699533, and State v. Mooty (Aug. 31, 2001), Greene App. No. 2000 CA 72, 2001 WL 991976; see also State v. Griffin, Cuyahoga App. No. 82832, 2004-Ohio-1246, 2004 WL 529406; State v. Hairston, Franklin App. No. 07AP-160, 2007-Ohio-5928, 2007 WL 3257331; State v. Eversole, Erie App. No. E-05-073, 2006-Ohio-3988, 2006 WL 2218215. The upshot of these cases is that a hearing to withdraw a plea can be brief, consisting only of the defendant having an opportunity to state reasons for withdrawal and needing to be no more than necessary to address the merits of the request.
{¶ 76} Here, Santiago was given an opportunity to explain his reasons for wanting to withdraw his plea. He gave four reasons: (1) “They charged [him] with trafficking,” the factual basis of which he had admitted to the police, (2) he never signed his police statement, although a signed statement is not required and the motion to suppress indicates that his statement was oral, (3) an unidentified “somebody” he talked to on the phone told him to plead not guilty, and (4) he had been doing a lot of reading. After hearing these reasons, the court concluded that the defendant had experienced no more than a change of heart: “[0]n your oral request to withdraw your former plea of no contest, uh, based upon the factors that you have indicated to me here, Mr. Santiago, I will overrule those. Unless you have some more that you want to give me?” Notably, dissatisfaction with counsel, one of the majority’s reasons for remand, is not one of the reasons Santiago raised as a basis to withdraw his plea.
{¶ 77} Finally, the majority is critical of counsel for not playing a more active role in the withdrawal request. It was counsel who brought to the court’s attention that the defendant had expressed a desire to withdraw his plea. But it was apparent that counsel believed that the plea was a “good plea, it was freely and voluntarily given.” Taking a more active role would be tantamount to arguing what counsel had evaluated as a meritless or frivolous motion, which we routinely do not expect counsel to do in our Anders cases.
{¶ 78} For the foregoing reasons, I would affirm the trial court’s decision overruling the defendant’s request to withdraw his plea as nothing more than a change of heart.