[Cite as *State v. Brown*, 2014-Ohio-4420.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 198 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DARRELL BROWN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from
                                   Youngstown Municipal Court,
                                   Case No. 12 CRB 1798.

JUDGMENT:                          Reversed, Conviction Vacated
                                   and Remanded.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Martin Hume
                                   City Prosecutor
                                   Attorney Kathleen Thompson
                                   Assistant City Prosecutor
                                   Youngstown Prosecutor's Office
                                   26 S. Phelps Street, 4th Floor
                                   Youngstown, OH 44503

For Defendant-Appellant:           Attorney Scott Essad
                                   721 Boardman-Poland Road
                                   Suite 201
                                   Youngstown, OH 44512

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 29, 2014

DeGenaro, P.J.

{¶1} Defendant-Appellant Darrell Brown appeals the October 18, 2012 judgment of the Youngstown Municipal Court convicting him of Domestic Violence. On appeal Brown asserts the trial court erred in not granting his request for a new attorney and removing him from the courtroom based upon his conduct during the proceedings. Because the trial court failed to conduct a meaningful inquiry on the record to determine whether defense counsel divulged confidential information to the prosecutor as alleged by Brown, the judgment of the trial court is reversed, Brown's conviction is vacated, and the matter is remanded to the trial court for further proceedings. This decision renders Brown's second assignment of error moot.

{¶2} On August 14, 2012, Brown was arrested, and later charged with Domestic Violence, R.C. 2929.25(A), a first degree misdemeanor. Brown entered a plea of not guilty and executed a time waiver. The case proceeded to a bench trial, with the State presenting the testimony of the victim and one police officer. Brown appeared with his court appointed counsel; and as detailed below, requested a new attorney, which the trial court denied without a hearing. As a result, Brown did not present any testimony or evidence, and was removed from the courtroom during the course of the proceedings due to his conduct. The trial court found Brown guilty as charged and sentenced him to 180 days in jail, which the trial court stayed pending appeal.

{¶3} In his first of two assignments of error, Brown asserts:

{¶4} "It is obvious that there was a total failure of communication between the Appellant and his court-appointed counsel. The trial court erred by not appointing new counsel for Darrell Brown."

{¶5} An indigent defendant has the right to professionally competent, effective representation, not the right to have a particular attorney represent him. *State v. Murphy*, 91 Ohio St.3d 516, 523, 2001-Ohio-112, 747 N.E.2d 765. *State v. McNeill*, 83 Ohio St.3d 438, 452, 1998-Ohio-293, 700 N.E.2d 596. Therefore, an indigent defendant must demonstrate good cause to warrant substitution of counsel, which contemplates a breakdown in the attorney-client relationship of such severity as to jeopardize the

defendant's right to effective assistance of counsel. *Murphy* at 523; *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988), paragraph four of the syllabus. Examples of good cause are "a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." *State v. Blankenship*, 102 Ohio App.3d 534, 558, 657 N.E.2d 559, 574 (12th Dist.1995). "[O]nly in the most extreme of circumstances should appointed counsel be substituted." *State v. Glasure*, 132 Ohio App.3d 227, 239, 724 N.E.2d 1165 (7th Dist.1999). Moreover, the defendant bears the burden of demonstrating grounds that substitute counsel is warranted. *State v. Carter*, 128 Ohio App.3d 419, 423, 715 N.E.2d 223 (4th Dist.1998).

{¶6} Once an indigent defendant questions the adequacy of assigned counsel during trial, the court must inquire into the complaint on the record. See *State v. Prater*, 71 Ohio App.3d 78, 82-83, 593 N.E.2d 44 (10th Dist.1990); *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969), syllabus. When the timing of a request for new counsel is an issue, a trial court may consider whether the defendant's request for new counsel was made in bad faith. *State v. Haberek*, 47 Ohio App.3d 35, 41, 546 N.E.2d 1361 (8th.Dist.1988). A motion for new counsel made on the day of trial, "intimates such motion is made in bad faith for the purposes of delay." *Id.*

{¶7} A trial court's decision regarding a request for new counsel is reviewed for an abuse of discretion standard. *McNeill* at 452. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶21. "Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include 'the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense.' " *State v. Jones*, 91 Ohio St.3d 335, 342, 2001-Ohio-57, 744 N.E.2d 1163, quoting *United States v. Jennings,* 83 F.3d 145 (6th Cir.1996).

**{¶8}** On October 18, 2012, Brown's case was called for trial, at which point he informed the trial court that he wanted new counsel:

THE COURT: Darrell Brown. We are here this afternoon on the charge of domestic violence. Mr. Brown, have a seat at the counsel table, please.

Attorney Ally, are you ready to proceed?

MR. BROWN: (Inaudible.)

THE COURT: You may not, sir; you may not, sir. We are set for trial today so we will proceed with trial. Anybody want to make any opening statement before we start?

PROSECUTOR: We would waive opening statement.

DEFENSE COUNSEL: We would waive opening statement, Your Honor. I understand that you said we would proceed with trial but just for the record my client has indicated that he does not want me to represent him in this case.

THE COURT: Are you going to hire a lawyer, Mr. Brown?

MR. BROWN: No, Your Honor.

THE COURT: Well you have a very good lawyer so she is representing you.

MR. BROWN: May I approach the bench, Your Honor?

THE COURT: You may not approach the bench, Mr. Brown. We are set for trial today.

MR. BROWN: There is something very important I have to say that I never got a chance to say.

THE COURT: Concerning what?

MR. BROWN: That I was here for my pretrial on the 29th. I told her something in confidential (sic) and she went back and told the Prosecutor so that violated our client/lawyer privilege.

THE COURT: That did not violate any privilege, sir. Where do you think you got your legal knowledge from?

MR. BROWN: Being in trouble enough to know that if I told her something in confidential (sic) she couldn't go back and tell the Prosecutor.

THE COURT: Well, sir, I am not playing games with you on this. You have a very good lawyer. She is representing you. We are set for trial today and we are going to have a trial.

So, Attorney Ally, call your first witness, please.

{¶9} Because Brown requested new counsel the day of trial, this raises a presumption that he made the request in bad faith for the purposes of delay. However, Brown gave a specific, facially valid reason for requesting new counsel, but the trial court made no inquiry to test whether Brown had overcome the presumption, and in fact the attorney-client relationship had been compromised to such an extent that Brown no longer had effective counsel. Although there is no right to a meaningful attorney-client relationship, a "total lack of communication preventing an adequate defense" is a factor the court should consider in evaluating a defendant's request for substitute counsel." *Jennings, supra,* 83 F.3d at 148; *Morris v. Slappy*, 461 U.S. 1, 13-14, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610, 621 (1983).

{¶10} The trial court's inquiry as to Brown's reasoning was dismissive and lacked substance. When Brown stated he believed there was a violation of the attorney-client privilege, the trial court did not question him regarding the details of the purported statements. Instead, the trial court ruled that there was no violation, without the benefit of any inquiry as to what was conveyed to the prosecutor. Additionally, counsel stated from the beginning that Brown did not want to proceed to trial with her as the attorney; in fact, later in the proceedings, Brown did not present a defense, instead telling the trial court that he had "a lot of evidence to present but not with her." Thus, the record demonstrates that there appeared to be a complete breakdown in communication between Brown and his attorney, sufficient to overcome a presumption that the request

was made as a delay tactic. Thus, the trial court abused its discretion for failing to inquire into Brown's allegations on the record. Accordingly, Brown's first assignment of error is meritorious, Thus, Brown's conviction is vacated, and this matter is reversed and remanded for a hearing on Brown's request for new counsel and a new trial.

**{¶11}** In his second of two assignments of error, Brown asserts:

**{¶12}** "The trial court erred in banishing the Appellant from the courtroom. Brown's interjections of "may I speak" and "may I approach the bench" – in a non-jury trial, no less – did not rise to the level of excluding his (sic) for disruptive behavior."

**{¶13}** As a result of our decision regarding Brown's first assignment of error, this assignment of error is moot. See App.R. 12(A)(1)(c).

**{¶14}** In conclusion, the trial court erred by failing to conduct a meaningful inquiry on the record regarding Brown's request for a new attorney. This decision renders Brown's second assignment of error moot. Accordingly, the judgment of the trial court is reversed, Brown's conviction is vacated, and the matter is remanded to the trial court for further proceedings.

Vukovich, J., concurs.

Waite, J., concurs

APPROVED:

_____

JUDGE MARY DeGENARO