[Cite as *State v. Mack*, 2014-Ohio-5506.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                      )
                                    )   CASE NO.    14 NO 420
        PLAINTIFF-APPELLEE,         )
                                    )
VS.                                 )   O P I N I O N
                                    )
ANTHONY MACK,                       )
                                    )
        DEFENDANT-APPELLANT.        )


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                 Court, Case No. 213-2107.


JUDGMENT:                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Kelly Riddle
                                 Prosecuting Attorney
                                 406 North Street
                                 Caldwell, Ohio  43724


For Defendant-Appellant:         Attorney Peter Cultice
                                 58 North Fifth Street
                                 Zanesville, Ohio  43701


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                 Dated:  December 12, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Anthony Mack appeals from his conviction entered after a jury trial in the Noble County Common Pleas Court. He argues that the trial court erred in not conducting a more detailed inquiry as to why he wanted new counsel on the morning of trial. The issue is whether the court sufficiently inquired of appellant after he answered that he was not satisfied with counsel and whether his answer invoked a duty on the part of the trial court to draw out more specific information which may have supported appellant's claim.

{¶2} The defendant has the initial burden to provide a specific explanation before the court's limited duty arises. Upon the trial court's inquiry, appellant provided only a vague statement that counsel was rude and that "she haven't did anything I asked." Plus, the court subsequently permitted appellant a further opportunity to provide specifics and he did not do so. For the following reasons, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

{¶3} Appellant was indicted for two counts of complicity to drug trafficking with specifications for the offense taking place within the vicinity of a school in violation of R.C. 2925.03(C)(6)(b) (which makes trafficking in heroin a fourth instead of a fifth degree felony if committed within the vicinity of a school) and R.C. 2923.03(A)(2) (defining the aiding and abetting aspect of complicity). The court appointed counsel on August 29, 2013. At the end of September, counsel secured a continuance of the October 23 trial on appellant's request.

{¶4} Then, at the November 15 pretrial, appellant announced that he would be retaining an attorney. The court ordered appellant to retain counsel within a week. At the scheduled trial more than three weeks later, appellant had not retained counsel; nor did appellant appear (as he had been arrested).

{¶5} On December 20, 2010, a bond forfeiture hearing was held, and the court appointed new counsel for appellant. Appellant thereafter appeared at the January 24, 2014 pretrial with this attorney. As counsel did not receive the state's lab reports on the heroin until February 19, she filed a motion on the issue, and the third

trial date was pushed back from March 3 to April 2, 2014 in order to provide more time after the state's discovery.

**{¶6}** On the morning of trial, the state advised that it would only be proceeding on count two. The court opened by noting that this was the second attorney appointed to represent appellant and asked if he was satisfied with her representation. When appellant responded in the negative, the court asked, "And why not?" Appellant replied: "Cause she haven't did anything I asked her and plus she talking to me like rudely and like being rude." (Tr. 4).

**{¶7}** The court pointed out that trial was about to begin and the venire was on its way to the courtroom. (Tr. 4). The court expressed that it would not appoint another attorney, stating that he could have this attorney or he had the right to represent himself. As to the latter choice, the court warned that representing oneself is not a good idea, pointing out his offenses and the maximum sentence. (Tr. 5-6).

**{¶8}** When the defendant asked why he could not have another attorney, the court replied: "Because I am not going to continually appoint and appoint and appoint. I understand, okay, that because of personalities that you may fall out with a lawyer. Okay. And I give you the benefit - - I give a Defendant the benefit of the doubt. You fell out with the first lawyer I appointed. I will appoint a second lawyer." (Tr. 5).

**{¶9}** As to appellant's second attorney, the judge noted that she has been appointed to represent defendants in the past, she has tried cases to juries, and "she is a very competent defense attorney." (Tr. 5). When appellant said that he could not represent himself, the court responded that this attorney would represent him, after which appellant voiced, "I don't want her to." The court asked appellant: "Is there anything else you wish to say to the Court at this time?" Appellant merely reiterated: "I don't want her to represent me." He also declared that the court was violating his rights. (Tr. 6).

**{¶10}** The case immediately proceeded through jury selection and the jury trial. Appellant's accomplices testified against him. The tenant of the apartment that was searched where used needles, spoons, and pills were found testified that appellant made a drug run to Columbus and then stayed at her apartment where he packaged the drugs and sold some to her. The principal offender, who sold the drugs in the

apartment parking lot, testified that someone called and asked for heroin, he asked appellant for some, appellant gave him some to sell, he sold four packs at $35 each to the confidential informant, and he then gave the money to appellant.

**{¶11}** Upon a defense motion for acquittal at the close of the state's case, the court dismissed the vicinity of a school specification, reducing the trafficking charge to a felony of the fifth degree. The jury found appellant guilty, and the court sentenced him to eleven months in prison. Appellant filed a timely notice of appeal from the court's April 21, 2014 sentencing entry.

<u>ASSIGNMENT OF ERROR</u>

**{¶12}** Appellant's sole assignment of error provides:

**{¶13}** "THE TRIAL COURT ERRED BY NOT CONDUCTING A MORE DETAILED INQUIRY AS TO WHY DEFENDANT-APPELLANT WANTED NEW COUNSEL PRIOR TO THE START OF TRIAL."

**{¶14}** Appellant acknowledges his description of counsel as "rude" is not likely grounds for remand. But, he urges that his other answer, "she haven't did everything I asked her," is grounds for remand because the court did not further inquire into the matter by explicitly asking him what exactly he asked her to do that she did not do (and then investigate as to why she did not do it, if it turned out to be something important). Appellant blames the mystery of the answer to this question on the trial court failing to perform its duty to investigate the matter on the record. He relies on the syllabus in *Deal* and asks us to apply the remedy formulated by the Supreme Court in that case: to reverse and remand for the trial court's reinvestigation on the record of counsel's competence.

**{¶15}** The state reasons that upon appellant's expression of dissatisfaction with counsel, the trial court promptly asked him, "Why not?" It is insisted that appellant then failed to meet his burden to make a specific allegation that would prompt a further inquiry. The state distinguishes the out-of-district appellate cases cited by appellant and emphasizes that in the Supreme Court's *Deal* case, the defendant raised the specific failures of counsel, which was the reason that court's duty was triggered.

**{¶16}** The state stresses that appellant's statement that counsel was rude at most shows a personality conflict, which is not grounds for substitution, especially

considering that this was the second appointed counsel, the defense was granted multiple continuances, and the trial was beginning. As to his complaint, "she haven't did anything I asked," it is urged that the trial court was not required to conduct a more detailed inquiry as appellant did not raise a specific complaint or allege any fact that, if true, would support substitution. The state reads this as a general disagreement in trial tactics.

{¶17} Finally, it is pointed out that appellant was thereafter provided with another opportunity to provide specific facts and to state what counsel did not do that he asked of her, but he failed to elaborate and merely repeated the he did not want her to represent him. (Tr. 6). The state also addresses the court's discretion in determining whether to substitute counsel; however, appellant's sole argument asks whether the trial court was required to conduct a detailed investigation under *Deal*.

{¶18} The constitutional right to counsel does not guarantee a meaningful relationship between a defendant and counsel. *Morris v. Slappy*, 461 U .S. 1, 14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). The mere voicing of a personality conflict and even some hostility does not establish that a relationship of a client with his attorney has eroded to a point where counsel would be rendering ineffective assistance. *State v. Hennes*, 79 Ohio St.3d 53, 65, 679 N.E.2d 686 (1997). The defendant must show "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." *State v. Coleman*, 37 Ohio St.3d 286, 292, 525 N.E.2d 792 (1988). An indigent defendant must establish good cause for substitution of counsel. *State v. Murphy*, 91 Ohio St.3d 516, 523, 747 N.E.2d 765 (2001). The evaluation of whether the defendant's complaint is reasonable is reviewed only for an abuse of discretion. *Id.*

{¶19} As aforementioned, appellant's argument here is focused on the trial court's legal duty to inquire into an indigent's complaint. The *Deal* syllabus provides:

> Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel, by stating that such counsel failed to file seasonably a notice of alibi or to subpoena witnesses in support thereof even though requested to do so by accused, it is the duty of the trial judge to inquire into the

complaint and make such inquiry a part of the record. The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable.

*State v. Deal*, 17 Ohio St.2d 17, 46 O.O.2d 154, 244 N.E.2d 742, (1969), syllabus.

**{¶20}** In that case, the Court stated that the defendant "did everything he could be expected to do to preserve his objection" by making a complaint that "was specific, not vague or general." *Id.* at 18-19. The remedy imposed was reversal and remand for a reinvestigation of the defendant's claim to be put on the record, and the Court stated that if the trial court then found the claim of incompetent counsel unfounded, the court could re-enter the judgment. *Id.* at 20.

**{¶21}** *Deal* set forth a "limited judicial duty" which "arises only if the allegations are sufficiently specific." *State v. Johnson*, 112 Ohio St.3d 210, 858 N.E.2d 1144, 2006-Ohio-6604, quoting *State v. Carter*, 128 Ohio App.3d 419, 423, 715 N.E.2d 223 (4th Dist.1998). "[V]ague or general objections do not trigger the duty to investigate further." *Id.* For instance, where a capital defendant voiced that he was not pleased with the performance of his court-appointed attorneys at trial, he would not pay them had they been retained attorneys, and he did not wish to have them present mitigating evidence at the death stage, the Supreme Court found only generalized dissatisfaction with performance which did not trigger the trial court's *Deal* duty. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239 ¶ 158-165.

**{¶22}** Thus, the burden is in fact on the defendant to make a sufficiently specific allegation rather than a vague or general one before the trial judge has any duty to investigate further. *Johnson*, 112 Ohio St.3d 210 at ¶ 68; *Deal*, 17 Ohio St.2d at 18-19; *State v. Jones*, 7th Dist. No. 06MA17, 2008-Ohio-3352, ¶ 9; *Carter*, 129 Ohio App.3d at 423 (*Deal* duty triggered only if the defendant meets his burden to allege facts which, if true, would require relief). *See also Murphy*, 91 Ohio St.3d 516, 523 (indigent must establish good cause for substitution).

**{¶23}** Here, appellant had an attorney appointed. He waited many weeks and thereafter expressed that he wished to terminate her and retain counsel. He subsequently failed to retain counsel. New counsel was then appointed for him. The trial date was continued three times over the course of the case. Just as the venire

was to be called in on the morning of trial, appellant answered that he was dissatisfied with counsel. The court asked appellant to explain why he not satisfied.

{¶24} Appellant's only explanation for wanting new counsel was: "she haven't did anything I asked her and plus she talking to me like rudely and like being rude." (Tr. 4). Perceived rudeness shows a mere personality conflict. *See, e.g., Parma v. Fonte*, 8th Dist. No. 99147, 2013-Ohio-3804, ¶ 64 (complaining that counsel does not like you is not sufficient to trigger a *Deal* duty). The statement counsel did not do what he asked is general and vague. It does not demonstrate that counsel failed to do an act which if true would be cause for concern. Thus, appellant did not meet his burden of specificity and did not trigger the duty of the trial court to conduct a *Deal* investigation.

{¶25} We also point out that after a discussion of counsel's skills, an explanation that appellant had no right to choice of counsel, and a discussion of self-representation, the court asked appellant if he had anything else to say. (Tr. 4-6). Instead of using that additional opportunity to explain what counsel failed to do that would be significant to his representation, appellant merely repeated that he did not want her to represent him, thus allowing this further opportunity of explanation to pass. (Tr. 6).

{¶26} For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

Waite, J., concurs.
DeGenaro, P.J., concurs.