[Cite as *State v. Owens*, 2011-Ohio-2503.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

FREDERICK T. OWENS

    Appellant

C.A. No.      25389

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 2008 05 1452

DECISION AND JOURNAL ENTRY

Dated: May 25, 2011

BELFANCE, Presiding Judge.

{¶1}    Appellant, Frederick Owens, appeals his conviction from the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    On April 30, 2008, two Akron police officers stopped Mr. Owens based on their suspicion that he was engaged in criminal activity. Mr. Owens had parked in a driveway. The police officers testified that the way Mr. Owens had been driving led them to think he had pulled into the driveway to avoid police rather than because he resided there. The license plates on the vehicle Mr. Owens was driving came back to a rental company.

{¶3}    As they approached Mr. Owens' vehicle, the officers saw Mr. Owens reaching around inside the car. When instructed to stop, Mr. Owens turned the car back on and put it into gear. Mr. Owens started to back out of the driveway and one officer testified that Mr. Owens nearly ran him over at this point. The officers ran back to their cruiser and turned it around to

face Mr. Owens' vehicle. Mr. Owens parked his car on the lawn and ran into the house. At that point in time, the officers still did not know whether Mr. Owens lived at the house.

{¶4} Mr. Owens closed the front door behind him when he entered the house. Akron police officers kicked the door down. When the officers opened the door, they saw Mr. Owens walking toward them with his hands up, coming from the direction of the bathroom. He told the officers, " 'You'll never find it. I flushed the dope.' " A woman later identified as Mr. Owens' mother was in the front room of the house at that point. One officer testified that Mr. Owens' mother gave permission for the police to search the bathroom after Mr. Owens stated that he had flushed the drugs. The officers went back to the bathroom and found a bag of crack cocaine in the toilet tank.

{¶5} In May 2008, Mr. Owens was indicted on one count each of: possession of drugs, in violation of R.C. 2925.11(A)(C)(4), a second degree felony; trafficking in cocaine in violation of R.C. 2925.03(A)(C)(4), a second degree felony; tampering with evidence in violation of R.C. 2921.12, a third degree felony; possessing of criminal tools in violation of R.C. 2923.24(B)(3), a fifth degree felony; obstructing official business in violation of R.C. 2921.31(A), a second degree misdemeanor; resisting arrest in violation of R.C. 2921.33, a second degree misdemeanor; criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a second degree misdemeanor; and disorderly conduct in violation of R.C. 2917.11(A)(1), a fourth degree misdemeanor. The court appointed counsel to represent Mr. Owens, who pleaded not guilty on all counts. Counsel filed a motion to suppress evidence, which the court denied.

{¶6} The trial originally set for September 4, 2008 was cancelled after Mr. Owens requested new counsel on August 29, 2008. The court appointed new counsel to represent Mr. Owens.

{¶7} On January 15, 2009, Mr. Owens' second trial date, the court held a pretrial hearing immediately before proceeding to voir dire. During the hearing, Mr. Owens requested to be heard and asked the court if he "could have a different court date to represent myself[.]" The court discussed with Mr. Owens at some length the possibility of moving his trial date and allowing Mr. Owens to represent himself, and denied both requests. The court adamantly expressed the view that Mr. Owens would do better to proceed with counsel and also that Mr. Owens was attempting to further delay the trial. After voir dire, Mr. Owens indicated that he would like to plead and the court engaged in discussions with him out of the presence of the jury. The court eventually refused to accept Mr. Owens' plea because he was not satisfied with his attorney. During the course of the discussions, Mr. Owens also reiterated his desire to represent himself after a continuance or to obtain new counsel. The court denied both requests.

{¶8} The jury found Mr. Owens guilty on all counts except trafficking, of which the court had acquitted him pursuant to Crim. R. 29, and possessing criminal tools, which the State had dismissed. The court ordered a total sentence of four years of incarceration, followed by a three year period of mandatory post-release control.

{¶9} Mr. Owens now appeals from that order, presenting two assignments of error.

II.

ASSIGNMENT OF ERROR I

THE FOURTH AMENDMENT REQUIRES REVERSAL OF THE TRIAL COURT'S DENIAL OF THE MOTION TO SUPPRESS BECAUSE THE TRIAL COURT'S FINDING OF FACTS ARE ERRONEOUS AS THE TRIAL COURT FOUND THAT A RESIDENT INSIDE CONSENTED TO THE POLICE KICKING DOWN THE FRONT DOOR AND SEARCH OF A BATHROOM.

{¶10} Mr. Owens alleges in his first assignment of error that the trial court erred in determining that Mr. Owens' mother, Ms. Boykin, consented to the police entry into her home and to their search of her bathroom. We disagree.

{¶11} An appellate court's review of a motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶8. The appellate court accepts the trial court's findings of fact as true if supported by competent, credible evidence. Id. The court makes an independent, de novo determination of whether those facts satisfy the applicable legal standard. Id.

{¶12} Mr. Owens disputes the trial court's finding that Ms. Boykin consented to the search of her bathroom. Mr. Owens argues that this finding is clearly erroneous because it is undisputed that the officers kicked in the front door. The officers testified that Ms. Boykin consented *after* they had entered the house and it is therefore not clear why their method of entry is relevant to Ms. Boykin's subsequent decision to allow them to search her bathroom. The trial court did not find that Ms. Boykin consented to the officers' entry into her home, only to the subsequent search of the bathroom.

{¶13} Two officers testified that Ms. Boykin consented to a search of her bathroom. Their testimony is competent, credible evidence in support of the trial court's finding that she consented to the search and so that finding is not erroneous. See id. Mr. Owens' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

"THE TRIAL COURT DEPRIVED APPELLANT OF HIS RIGHTS UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY REPEATEDLY REFUSING TO ALLOW HIM TO PROCEED TO TRIAL WITHOUT AN ATTORNEY."

{¶14}  In his second assignment of error, Mr. Owens argues that the trial court deprived him of his constitutional right to represent himself.  We disagree.

{¶15}  The Sixth and Fourteenth Amendments to the United States Constitution guarantee a defendant the right of self-representation at a state criminal trial.  *State v. Gibson* (1976), 45 Ohio St.2d 366, paragraph one of the syllabus.  "Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis."  *McKaskle v. Wiggins* (1984), 465 U.S. 168, 177, fn.8.  A trial court then commits reversible error per se in denying a defendant's properly invoked right to self representation.  *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, at ¶49.

{¶16}  A defendant, however, may not abuse the right of self-representation; a motion to proceed pro se "may be denied when circumstances indicate that the request is made for purposes of delay or manipulation of the trial process."  *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, at ¶68.  A defendant's invocation of the right to self-representation must be timely and unequivocally asserted.  *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, at ¶38. It must also be voluntary, knowing, and intelligent.  *Gibson*, 45 Ohio St.2d at paragraph one of the syllabus.  With this background in mind, we turn review the trial court's denial of Mr. Owens' request to proceed pro se.

<u>Invocation prior to trial</u>

{¶17}  We note that it is unclear whether a trial court's denial of a request to proceed pro se, asserted on the day of trial but before voir dire, is reviewed de novo or for an abuse of discretion.  In reviewing this issue, the Supreme Court of Ohio has examined cases applying an abuse of discretion standard to motions made "on the day of trial after the clerk had called the

roll of jurors" (*Vrabel* at ¶51, citing *Robards v. Rees* (C.A.6 1986), 789 F.2d 379, 383) or "at the commencement of voir dire." *Vrabel* at ¶51, citing *State v. Christian* (Minn. 2003), 657 N.W.2d 186, 193. In *Vrabel*, the Supreme Court reviewed a denial of a motion made after voir dire was complete and applied an abuse of discretion standard. *Vrabel* at ¶¶51-53 (holding that trial court did not abuse its discretion in such circumstances).

{¶18} In comparison, we have not found any case law articulating an abuse of discretion standard of review for requests made at any point prior to the commencement of voir dire. See, e.g., *Cassano* at ¶¶31-42 (finding that motion made three days before trial date was untimely without articulating standard of review); *United States v. Mackovich* (C.A.10 2000), 209 F.3d 1227, 1237-1238; *United States v. Cano* (C.A.5 2008), 519 F.3d 512, 515-16 (applying de novo review to request to proceed pro se in sentencing that was made eighteen days before sentencing); but, see, *People v. Abdu* (Colo.App. 2009), 215 P.3d 1265, 1267 (discussing how unsettled the standard of review is in federal and Colorado courts); *People v. Caird* (1998), 63 Cal.App.4th 578, 583-84 (stating that if motion is not made "within a reasonable time prior to commencement of trial[,]" review of denial is for abuse of discretion). It is unclear, based on these cases, what standard of review would apply to this case, where the right was first invoked on the morning of trial, before voir dire commenced. Because we find that the trial court did not err in denying the motion and would not reverse the judgment on appeal under either standard, we need not resolve that question in this case.

{¶19} Upon review of the record before us, we conclude that Mr. Owens' request to represent himself was not timely. Mr. Owens first attempted to invoke his right of self-representation more than eight months after his initial indictment, on the morning voir dire was scheduled to begin. The court had already postponed his trial for several months in order to

accommodate Mr. Owens' request for new counsel, which had been made about a week before his first trial date. Prior to the second trial date, he had not expressed any dissatisfaction with his new attorney. In making the request just before the commencement of trial, Mr. Owens explicitly sought to delay the trial further by seeking a continuance to so he could prepare to represent himself. See *Dean* at ¶68; *Cassano* at ¶41 (affirming denial of request for self-representation that was made "only in the context of supporting [a] last-minute request for delay[.]"). Based upon the circumstances before us, we conclude that Mr. Owens' right to represent himself was not invoked in a timely manner prior to trial and the trial court did not err in denying the request. See *Vrabel* at ¶¶49, 53; *Cassano* at ¶40.

Invocation after commencement of trial

{¶20} After the jury was sworn in, the court held a further hearing because Mr. Owens had indicated he would like to plead. There were two plea bargains offered and Mr. Owens spent some time asking questions trying to understand the specific details of the offers. After Mr. Owens changed his mind a few times about whether to plead and which plea to accept, the court instructed him that he could accept a plea or go to trial, but that he might not delay the proceedings further.

{¶21} During this discussion, Mr. Owens stated that he wanted to represent himself and that he thought he could have done a better job than his attorney. He then indicated he would take one of the plea bargains, but during the colloquy, he stated that he was not satisfied with his attorney's representation. He stated that he wanted new counsel and also that he wanted to represent himself. Mr. Owens acknowledged that if he was permitted to represent himself, he would need time to prepare:

"THE COURT:    If you want [to] try a case on your own without a lawyer, you're here in trial, you ready to go to trial right now?

THE DEFENDANT: No, that's why I asked you for time. * * * I would like some time to prepare for this case myself."

The court also repeatedly inquired as to Mr. Owens' dissatisfaction with his appointed counsel. Mr. Owens expressed the view that counsel was "supposed to be with me every step of the way, not guilty." Mr. Owens was apparently dissatisfied with counsel's opinion that the chances of winning at trial were not good and counsel's advice that Mr. Owens would do well to take a plea bargain. The court refused to accept Mr. Owens' plea because he had stated that he was not satisfied with his appointed counsel. Before recess, Mr. Owens indicated, yet again, that he would like to plead. The court stated that plea negotiations were closed and the Mr. Owens' only option would be to plead to the indictment.

{¶22} After the recess, the court indicated that Mr. Owens had wanted to say something further. Mr. Owens declined to speak and the court said "For the record, this is your second lawyer and I'm getting the feeling that all this is just delaying, I want to plead, I don't want to plead. That's what it feels like."

{¶23} We first note that because voir dire had been completed, the trial court's denial of Mr. Owens' second request to represent himself is reviewed only for an abuse of discretion. *Vrabel* at ¶53. It is apparent that the trial court did not believe that Mr. Owens actually desired to proceed pro se. In other words, the trial court did not conclude that Mr. Owens' request was unequivocal. Rather, the trial court believed that Mr. Owens' true motive in seeking new counsel was for the purpose of obtaining a continuance and further delaying the proceedings. See *Dean* at ¶68. Under the facts of this case, we cannot conclude that the trial court abused its discretion in denying the request. See *Vrabel* at ¶53.

**{¶24}** Mr. Owens' second assignment of error is overruled.

III.

**{¶25}** Because we have overruled both of Mr. Owens' assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS

CARR, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.