[Cite as *State v. Beamon*, 2019-Ohio-443.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                           :

     Appellee,                          :          CASE NO. CA2018-04-065

                                    :          O P I N I O N
- vs -                                              2/11/2019
                                    :

WILLIAM COURTNEY BEAMON,                  :

     Appellant.                         :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-10-1662


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, OH 45011, for appellant


**M. POWELL, J.**

{¶ 1}  Appellant, William Courtney Beamon, appeals his conviction in the Butler County Court of Common Pleas for felonious assault.

{¶ 2}  Appellant was indicted in 2017 on one count of felonious assault with a firearm specification, two counts of having weapons while under disability, and one count of attempted murder with a firearm specification.  The charges stemmed from an incident in

September 2017 during which Jeremy Jones ("Jones") was shot in the back of the head. The matter proceeded to a two-day jury trial in March 2018. At trial, Jones testified that appellant shot him in the head because Jones would not sell drugs with appellant and appellant was afraid Jones would "snitch him out" to the police. Appellant testified the shooting was an accident when the firearm fell on the ground.

{¶ 3} On March 6, 2018, the jury acquitted appellant of attempted murder but found him guilty of felonious assault and the accompanying firearm specification and having weapons while under disability. Upon merging appellant's convictions, the trial court sentenced appellant to a six-year prison term for felonious assault to be served consecutively to a three-year mandatory prison term for the firearm specification.

{¶ 4} Appellant now appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND [ABUSED] ITS DISCRETION IN DENYING APPELLANT'S REQUEST FOR SELF-REPRESENTATION, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 7} Appellant argues the trial court erred in denying his oral request, made at the outset of the second day of trial, to terminate his assigned defense counsel and represent himself. Appellant asserts he "provided more than sufficient reason in support of his request," and thus, the trial court "should only have determined whether Appellant's decision was being made knowingly, intelligently and voluntarily."

{¶ 8} The record shows that on the first day of trial, a disagreement arose between appellant and defense counsel over whether Jones should be released from his subpoena after being examined and cross-examined during the state's case-in-chief. Appellant voiced his frustration that defense counsel was not complying with what he wanted her to do.

- 2 -

Defense counsel indicated that she could obtain the evidence wanted by appellant from another witness. Ultimately, the trial court released Jones from the state's subpoena but indicated that Jones was still under defense counsel's subpoena and that if defense counsel was not able to get the needed evidence from the other witness, she could call Jones to testify on the second day of trial.

{¶ 9} As the second day of trial began, the state only had two additional witnesses to present before resting. Defense counsel informed the trial court that she and appellant had a serious disagreement over the handling of appellant's defense, that appellant was berating her, and that he wanted to fire her. During a discussion between the trial court, defense counsel, and appellant outside of the jury's presence, appellant expressed his frustration and lack of understanding regarding the multiple charges against him, defense counsel's failure or refusal to handle his defense in the manner he wanted, including permitting him to testify, and Jones' absence as a witness on the second day of trial.

{¶ 10} Finally, appellant stated, "I would like to fire my counsel now. Period. She's not – I'm telling you everything she's not doing for me, and you're still sitting here and telling me well, she's trying to the best of her ability, and she's not. I'd like to fire my counsel. Man, I'll either hire a counsel, or represent myself."

{¶ 11} The trial court advised appellant that he was not giving the court a reason to discharge defense counsel and denied appellant's request. Appellant responded that he would refuse to be present if he could not terminate defense counsel. A sidebar discussion ensued about the possibility of a mistrial should appellant act out in front of the jury. Following the sidebar, the trial court asked appellant if he was "going to be able to continue with this trial and behave" while in court. Appellant replied that he was able to continue with the trial and that he would behave while in court. The trial then proceeded to a conclusion without further incident.

{¶ 12} "The Sixth Amendment * * * guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 71; *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975). "If a trial court denies the right to self-representation, when properly invoked, the denial is per se reversible error." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, ¶ 32.

{¶ 13} "The assertion of the right to self-representation must be clear and unequivocal." *Neyland* at ¶ 72. "[C]ourts have held that a request for self-representation is not unequivocal if it is a 'momentary caprice or the result of thinking out loud,' or the result of frustration[.]" (Citations omitted.) *Id.* at ¶ 73. Likewise, a request is not unequivocal if it is "an 'emotional response.'" *State v. Steele*, 155 Ohio App.3d 659, 2003-Ohio-7103, ¶ 13 (1st Dist.), quoting *Lacy v. Lewis*, 123 F.Supp.2d 533, 548 (C.D.Cal.2000). The defendant must further assert the right in a timely fashion. *State v. Kramer*, 3d Dist. Defiance No. 4-15-14, 2016-Ohio-2984, ¶ 7. "A trial court may deny a defendant's request for self-representation if it is untimely made." *Neyland* at ¶ 76.

{¶ 14} We review a trial court's denial of a request to proceed pro se asserted after voir dire was completed under an abuse of discretion standard. *Kramer* at ¶ 8; *State v. Owens*, 9th Dist. Summit No. 25389, 2011-Ohio-2503, ¶ 17; *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, ¶ 53. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 15} We find that appellant's right to self-representation was not violated because appellant did not unequivocally and explicitly invoke such right. Rather, a review of the entire record plainly shows that appellant's request for self-representation was the result of

frustration and thinking out loud. Appellant's request came on the heels of the verbalization of his complaints about defense counsel, specifically his dissatisfaction with defense counsel's handling of the defense. When appellant then told the trial court he wanted to terminate defense counsel and "either hire a counsel, or represent myself," he was simply expressing his frustration and not clearly invoking his right to self-representation. *Neyland*, 2014-Ohio-1914 at ¶ 73; *Kramer*, 2016-Ohio-2984 at ¶ 10. Appellant's statements denoted frustration and emotion, as well as uncertainty about representing himself or hiring substitute counsel. In this sense, appellant's statement was not a clear and unequivocal request for self-representation.

{¶ 16} We further find that appellant's request was untimely because it was made on the second day of trial after the state had nearly completed its case-in-chief. *Kramer* at ¶ 13; *Cassano*, 2002-Ohio-3751 at ¶ 40; *Vrabel*, 2003-Ohio-3193 at ¶ 53.

{¶ 17} Finally, we conclude that appellant "abandoned any intention to represent himself when he did not pursue the issue of self-representation" after the trial court denied his request. *Cassano* at ¶ 42. At no other point during the trial did appellant indicate he wished to represent himself. *Kramer*, 2016-Ohio-2984 at ¶ 11. Further, at no point after his request was denied and the trial resumed did appellant voice concerns about defense counsel. Rather, the record reflects that appellant testified on his own behalf and cooperated with defense counsel. Thus, appellant waived his right to self-representation by accepting defense counsel's assistance and allowing her to participate in the trial. *Cassano* at ¶ 42; *Kramer* at ¶ 12.

{¶ 18} We therefore find that appellant's assertion of his right to self-representation was not clear and unequivocal so as to trigger any further inquiry by the trial court, such as whether appellant was knowingly and voluntarily waiving his right to counsel. *Kramer* at ¶ 14. Accordingly, the trial court did not abuse its discretion in denying appellant's request to

represent himself.

{¶ 19} Appellant's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED IN FAILING TO INQUIRE INTO A SUGGESTED CONFLICT OF INTEREST OF APPELLANT'S TRIAL COUNSEL.

{¶ 22} By motion filed before trial, defense counsel notified the trial court that a potential conflict of interest was at issue in that she had represented Jones in an unrelated criminal matter in 2010. The matter was discussed at a pretrial hearing on February 28, 2018. At the hearing, defense counsel advised the trial court that she had spoken to appellant regarding the potential conflict of interest and that appellant was willing to waive any type of conflict between defense counsel, appellant, and Jones. Appellant confirmed that defense counsel had discussed the matter with him. Defense counsel and the prosecutor further advised the trial court that the prosecutor had spoken to Jones who was also willing to waive any conflict. The trial court then inquired of appellant, "you're okay with [defense counsel] proceeding then to represent you knowing these issues that she has discussed with you? She indicated you're going to waive any conflict; is that correct?" Appellant replied, "Yeah, Your Honor."

{¶ 23} On appeal, appellant argues that the trial court failed to adequately discharge its affirmative duty to inquire into the conflict of interest. Specifically, appellant asserts that the trial court should have engaged in a more detailed inquiry regarding the nature and extent of defense counsel's conflict of interest, and determined whether a conflict of interest actually existed.

{¶ 24} This case involves successive representation which occurs where defense counsel has previously represented a codefendant or trial witness. *State v. Stephenson*, 10th Dist. Franklin No. 13AP-609, 2014-Ohio-670, ¶ 11. "Simultaneous and successive

- 6 -

representation differs materially because in the latter, the attorney is no longer beholden to the former client." *Id.* at ¶ 13. "As such, successive representation does not give rise to the same presumption of prejudice as simultaneous representation." *Id.* It is more difficult for a defendant to show that defense counsel actively represented conflicting interests in cases of successive rather than simultaneous representation. *State v. Buck*, 1st Dist. Hamilton No. C-160320, 2017-Ohio-8242, ¶ 91.

{¶ 25} "Both defense counsel and the trial court are under an affirmative duty to ensure that a defendant's representation is conflict-free." *State v. Dillon*, 74 Ohio St.3d 166, 167-168 (1995). "[W]here a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists." *State v. Gillard*, 64 Ohio St.3d 304, 311 (1992). "Where a trial court breaches its affirmative duty to inquire, a criminal defendant's rights to counsel and to a fair trial are impermissibly imperiled and prejudice or 'adverse effect' will be presumed." *Id.* at 312.

{¶ 26} Yet, even then, a trial court's failure to inquire into a possible conflict of interest does not transform a possible conflict into an actual one nor does it automatically require a retrial, for such retrial would be premature. *State v. Gillard*, 78 Ohio St.3d 548, 552 (1997) ("*Gillard II*"); *State v. Laghaoui*, 12th Dist. Warren No. CA2017-06-098, 2018-Ohio-2261, ¶ 21. "Rather, reversal is mandated only if an actual conflict is found." *Gillard II* at 552. This is because "the United States Constitution is violated by an actual conflict of interest, not a possible one." *Id.*, citing *Cuyler v. Sullivan*, 446 U.S. 335, 348-350, 100 S.Ct. 1708 (1980); and *State v. Manross*, 40 Ohio St.3d 180, 182 (1988).

{¶ 27} In order to establish that an actual conflict of interest existed, appellant must demonstrate two elements. *Laghaoui* at ¶ 22. First, appellant must show that "'some plausible alternative defense strategy or tactic might have been pursued.'" *Gillard II* at 552,

quoting *United States v. Fahey*, 769 F.2d 829, 836 (1st Cir.1985). Second, appellant must "'establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.'" *Id.*, quoting *Fahey* at 836. Whether an actual conflict of interest existed is a mixed question of law and fact, subject to de novo review on appeal. *Gillard II* at 552. De novo appellate review means that this court independently reviews the record and affords no deference to a trial court's decision. *Laghaoui* at ¶ 22.

{¶ 28} After a thorough review of the record, even if this court were to assume the trial court failed to adequately or otherwise discharge its affirmative duty to inquire into the potential conflict of interest, appellant has failed to demonstrate that an actual conflict of interest existed. Appellant does not identify any plausible alternative defense or tactic that defense counsel might have pursued at trial, nor does appellant allege that some other plausible alternative defense or tactic was not undertaken due to defense counsel's other loyalties or interests. Simply stated, there is no evidence in the record to suggest the fact defense counsel represented Jones in an unrelated criminal matter eight years before appellant's trial impacted the defense strategy and tactics defense counsel pursued at trial; namely that the firearm accidentally discharged when it fell onto the ground and that Jones was not a credible witness and victim.

{¶ 29} Appellant has failed to establish that an actual conflict of interest existed in this case. Moreover, appellant has not demonstrated that he was prejudiced as a result of defense counsel's representation of Jones eight years earlier. The trial court therefore did not err in failing to further investigate the matter. *See Buck*, 2017-Ohio-8242; *Laghaoui*, 2018-Ohio-2261.

{¶ 30} Appellant's second assignment of error is overruled.

{¶ 31} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.