[Cite as *State v. Noble*, 2026-Ohio-1905.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

STATE OF OHIO, : 

    APPELLEE, : 

                        CASE NO. CA2025-09-024

VS. : 

                      OPINION AND
                      JUDGMENT ENTRY
                      5/26/2026

DESMOND A. NOBLE, : 

    APPELLANT. : 

                          :

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
CASE NO. CRI 20240193

Jess C. Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

## O P I N I O N

**M. POWELL, J.**

{¶ 1}   Appellant, Desmond Noble, appeals his conviction in the Fayette County Court of Common Pleas for improperly discharging a firearm into a habitation.

{¶ 2}   Appellant was indicted in October 2024 with improperly discharging a

firearm at or into a habitation. The trial court appointed Attorney Kristina Walkowicz to represent appellant. Attorney Walkowicz entered a written plea of not guilty and not guilty by reason of insanity (NGRI) on appellant's behalf. The trial court ordered that an NGRI evaluation be conducted by Netcare Forensic Center. In January 2025, the parties stipulated to the Netcare Forensic Center's evaluation report which stated that appellant did not meet the criteria for NGRI. At attorney Walkowicz's request, the trial court ordered that a second NGRI evaluation be conducted by Forensic Psychiatry Center for Western Ohio. After appellant declined to stipulate to the Forensic Psychiatry Center 's evaluation report, the trial court held an evidentiary hearing on the report.

{¶ 3}   On March 31, 2025, the trial court once again found that appellant did not meet the criteria for NGRI and scheduled a final pretrial for April 28, 2025. During the final pretrial, attorney Walkowicz advised the trial court that she was unable to have meaningful conversations with appellant and that she had concerns about his competency to stand trial. Attorney Walkowicz also advised the court that appellant was "now indicating he may want to proceed without an attorney." Consequently, the trial court engaged in a colloquy with appellant, and referring to his attorney's representation that appellant "might want to represent [himself]" inquired, "Is that your desire?" Appellant responded, "That would be, that would be the case, Your Honor, if I did go that way because I believe in God and I've read the preamble, the preamble like, it's a Godly."

{¶ 4}   At the trial court's request, appellant clarified he was referring to the preamble to the Ohio Constitution and stated, "That's what I talked to her about, about representing myself because if I believe in God then I don't know if I have to go on trial or not." The trial court advised appellant that his religious beliefs had no bearing on the proceedings. The trial court then explored appellant's knowledge of trial procedures and his understanding of the nature of the charge and possible defenses. Appellant's candid

replies indicated he had no knowledge of trial procedures or how to conduct or defend himself in the proceedings. When the trial court asked appellant if he had questions or anything he wanted to say about his ability to represent himself, appellant replied, "I don't." At the conclusion of the colloquy, the trial court advised appellant it would not allow him to represent himself because he was not in a position to do so and such would put him at "an extreme disadvantage." The trial court further advised appellant that attorney Walkowicz would continue as his counsel. The trial court journalized an entry on April 28, 2025, stating that appellant had "made an oral motion to represent himself . . . . After a lengthy colloquy, the Court finds that the defendant is not currently in a position to effectively represent himself in this matter. Wherefore, Attorney Walkowicz shall remain as counsel."

{¶ 5} Attorney Walkowicz moved for an evaluation of appellant's competency to stand trial. The trial court ordered that a competency evaluation be conducted by Netcare Forensic Center. On June 6, 2025, following a hearing on the Netcare Forensic Center's competency report, the parties stipulated to the report and the trial court found appellant competent to stand trial. On June 13, 2025, attorney Walkowicz moved to withdraw as counsel as she had accepted employment that precluded her continued practice before the trial court. On June 24, 2025, the trial court granted attorney Walkowicz's motion to withdraw and appointed Attorney Thomas Arrington as counsel for appellant. On August 20, 2025, appellant withdrew his former pleas and entered a plea of no contest. The trial court accepted appellant's no contest plea, found him guilty as charged, and sentenced him to an indefinite prison term of three to four-and-one-half years.

{¶ 6} Appellant now appeals, raising one assignment of error. Appellant argues that the trial court committed structural error when it denied his unequivocal request to represent himself.

- 3 -

**Constitutional Right of Self-Representation**

{¶ 7}   "The Sixth Amendment . . . guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Neyland*, 2014-Ohio-1914, ¶ 71. To establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus. If a trial court denies the right to self-representation when the right has been properly invoked, the denial is per se reversible error. *Neyland* at ¶ 71.

{¶ 8}   "A criminal defendant must 'unequivocally and explicitly invoke' the right to self-representation." *State v. Obermiller*, 2016-Ohio-1594, ¶ 29, quoting *State v. Cassano*, 2002-Ohio-3751, ¶ 38. A request for self-representation is not unequivocal if it is a momentary caprice or the result of thinking out loud, the result of frustration, or an emotional response. *Neyland* at ¶ 73; *State v. Beamon*, 2019-Ohio-443, ¶ 13 (12th Dist.); *State v. Steele*, 2003-Ohio-7103, ¶ 13 (1st Dist.). The defendant must further assert the right in a timely fashion. *Beamon* at ¶ 13. "A trial court may deny a defendant's request for self-representation if it is untimely made." *Neyland* at ¶ 76.

**Structural Error**

{¶ 9}   Structural errors are a limited class of constitutional defects "that defy harmless-error analysis and are cause for automatic reversal" without a showing that a substantial right has been affected. *State v. Armas*, 2005-Ohio-2793, ¶ 26 (12th Dist.), quoting *State v. Perry*, 2004-Ohio-297, ¶ 16. Structural error analysis is reserved for "constitutional deprivations . . . affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279,

310 (1991), quoted with approval in *State v. Fisher*, 2003-Ohio-2761, ¶ 9. Among the limited number of errors that the Ohio Supreme Court recognizes as structural are the complete denial of counsel, a biased trial court, racial discrimination in the selection of a grand jury, the denial of self-representation at trial, the denial of a public trial, and a conviction upon a defective reasonable-doubt instruction. *See Perry* at ¶ 18-21. The supreme court recently reiterated that a "violation of a defendant's right to self-representation is considered structural error." *State v. McAlpin*, 2022-Ohio-1567, ¶ 65.

**The Trial Court's Denial of Appellant's Request for Self-representation**

{¶ 10} We find that appellant's right to self-representation was not violated because appellant did not unequivocally and clearly invoke such right. Appellant's statement it "would be the case, Your Honor, *if I did go that way*" in response to the trial court's inquiry regarding his desire to represent himself hardly qualifies as an unequivocal and explicit request for self-representation. Further, a review of the entire record reveals that appellant's reference to self-representation was the result of frustration with the proceedings and the product of an emotional response to the situation and not a clear and unequivocal request for self-representation. During the trial court's colloquy regarding appellant's request for self-representation, appellant expressed dismay and frustration about a prior hearing during which he was not permitted to speak and from which he was "kicked out." This refers to the March 27, 2025 hearing on the second NGRI evaluation report during which appellant claimed attorney Walkowicz kept telling him to be quiet and the trial court did not allow him to present arguments or speak because he was represented by counsel. In addition, after the trial court denied appellant's request for self-representation, a discussion ensued regarding his competency to stand trial and the delay a competency evaluation would entail. When the trial court asked for appellant's input on the competency issue, and despite his professed desire to represent himself, appellant

- 5 -

replied that he wanted to talk to his attorney about it. We therefore find that appellant's statement was not a clear and unequivocal request for self-representation.

{¶ 11} Furthermore, "even if a [criminal] defendant has made an unequivocal and explicit request for self-representation, a defendant may later waive that request by acquiescing in counsel's representation." *Obermiller*, 2016-Ohio-1594, at ¶ 31. We find that appellant waived his right to self-representation when he never raised the issue again after the April 28, 2025 final pretrial, and when he subsequently did not challenge attorney Walkowicz's assistance in moving for a competency evaluation at the conclusion of the April 28, 2025 final pretrial, allowed her to participate in the competency hearing, acquiesced to representation by his new counsel, and acquiesced to his new counsel's assistance in entering a no contest plea. *See Cassano*, 2002-Ohio-3751, at ¶ 42; *Beamon*, 2019-Ohio-443, at ¶ 13 (12th Dist.);*State v. Jaeger*, 2023-Ohio-3648, ¶ 37 (10th Dist.) (listing several instances of waiver).

{¶ 12} In light of the foregoing, we find that the trial court did not err, let alone commit structural error, when it denied appellant's request to represent himself. Appellant's assignment of error is overruled.

{¶ 13} Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Fayette County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Mike Powell, Judge*