[Cite as *State v. Freeman*, 2023-Ohio-3835.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 23CA2 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND<br>JUDGMENT ENTRY |
| Wendall K. Freeman, | : | |
| Defendant-Appellant. | : | **RELEASED 10/18/2023** |

_____

APPEARANCES:

Wendall Kent Freeman, South Point, Ohio, pro se appellant.[1]

Shane A. Tieman, Prosecuting Attorney, and Matthew F. Loesch, Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

_____

Hess, J.

**{¶1}** Wendall K. Freeman appeals from a judgment of the Lawrence County Court of Common Pleas convicting him, pursuant to a guilty plea, of disorderly conduct, a minor misdemeanor. Freeman presents one assignment of error asserting he received ineffective assistance of counsel in connection with his defense, guilty plea, and sentencing proceeding, resulting in a plea that was not voluntary. For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgment.

---

[1] In his appellate brief, Freeman spells his first name as "Wendall" and "Wendell." Throughout this opinion we have spelled his name as it appears in the judgment entry from which he appeals. In addition, we note that Freeman's appointed trial counsel filed the notice of appeal in this matter pursuant to the order of the trial court. Subsequently, the trial court determined that Freeman was not entitled to appointed counsel on appeal because he had pled guilty to a minor misdemeanor and did not face a potential loss of liberty. The trial court granted counsel's motion to withdraw, and Freeman is now proceeding pro se in this appeal.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}    In May 2022, Freeman was indicted on one count each of retaliation, a third-degree felony, obstructing official business, a fifth-degree felony, aggravated menacing, a first-degree misdemeanor, and resisting arrest, a second-degree misdemeanor. The trial court appointed him counsel, and Freeman initially pleaded not guilty to the charges. On December 6, 2022, the court conducted a hearing at which the state moved to dismiss the retaliation, obstructing official business, and aggravating menacing counts and to amend the resisting arrest count to disorderly conduct, a minor misdemeanor. The court granted the motion, and Freeman pleaded guilty to the amended count of disorderly conduct.  He executed a proceeding on plea of guilty form in which he answered a series of questions. He indicated that he had confidence in his attorney, that no promises, threats, or inducements were made to persuade him to plead guilty, and that he was making the plea of his own free will. He indicated that he or his counsel had competent evidence to offer to show that he was not guilty of the offense charged, but he also indicated that he and his counsel believed there was a factual basis for the guilty plea. The trial court accepted the guilty plea and found Freeman guilty of disorderly conduct.

{¶3}    On December 28, 2022, the trial court conducted the sentencing hearing. The next day, the court issued a judgment entry ordering Freeman to pay a $100 fine and court costs. The court noted that there was a negotiated plea and that the sentence had been jointly recommended by the parties.

## II.  ASSIGNMENT OF ERROR

{¶4}    Freeman presents one assignment of error:

Mr. Freeman received ineffective assistance of counsel in connection with his defense, guilty plea, and sentencing proceeding, resulting in a plea that was not voluntary.[2]

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

{¶5}   In his sole assignment of error, Freeman contends that he received ineffective assistance of counsel in connection with his defense, guilty plea, and sentencing proceeding, resulting in an involuntary plea. Freeman claims he gave trial counsel evidence and information demonstrating his innocence and told counsel he wanted this case to be dismissed or to go to trial.  However, counsel "indicated that he would not provide a legal defense" for him and refused to file a motion to dismiss. Counsel also incorrectly advised him that he had to either accept a plea deal in this case and another unrelated case or "go to trial for both cases jointly," which would have been "extremely prejudicial" to him. Counsel said that "there was no way he was going to prevail," that "he would be going to prison after enduring a joint trial on both cases with no chance to defend," and that "the plea offer for both cases were [sic] his best choice." Counsel "bullied" him, "repeatedly cursed" at him, and said he was a "damned fool" and "idiot" if he did not accept "this deal of a life time [sic]."  Freeman "believed he was being threatened and coerced to plead guilty to a crime that he did not commit" and accepted the plea offer "[u]nder duress and intimidation." Freeman claims that he later asked counsel to move to withdraw his plea, but counsel refused. Freeman asserts that a "reasonable attorney" would have "recognized his innocence," "explored all genuine avenues of defending" him, and filed a motion to dismiss instead of "pressuring" him "to plead guilty without supporting facts or evidence for the amended indictment." Freeman

---

[2] The assignment of error is taken from page i of the appellant's brief.  It is stated somewhat differently on page 5 of the brief.

asserts "counsel's errors directly affected the outcome of the proceedings" because he "was pressured into an involuntary plea without an adequate understanding of the consequences and the impossibility of joinder of his unrelated cases for trial."

## A.  Standard of Review

{¶6}    "Upon direct appeal, appellate courts generally review claims of ineffective assistance of counsel on a de novo basis, simply because the issue originates at the appellate level; no trial court has ruled on the issue.  Appellate courts review the trial record and are left to judge from the bare record whether the assistance was effective." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 53.  "To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial."  *State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014-Ohio-3123, ¶ 15, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Failure to satisfy either part of the test is fatal to the claim.  *See Strickland* at 697.  The defendant "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent."  *Gondor* at ¶ 62.

{¶7}    " 'In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation.' "  *State v. Adams*, 2016-Ohio-7772, 84 N.E.3d 155, ¶ 89 (4th Dist.), quoting *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95.  When considering counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might

be considered sound trial strategy.' " *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). " 'To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.' " *Adams* at ¶ 89, quoting *Conway* at ¶ 95. "Generally, a guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the alleged errors precluded [the defendant] from knowingly, intelligently and voluntarily entering [the] guilty plea." *State v. Tingler*, 4th Dist. Scioto No. 21CA3962, 2022-Ohio-3792, ¶ 11.

### B.  Analysis

**{¶8}**   Freeman has not demonstrated that counsel's performance was deficient. App.R. 16(A)(7) states that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, *and parts of the record on which appellant relies*."    (Emphasis added.) Freeman's argument does not cite to any part of the record on appeal in support of his contentions that counsel's performance was deficient.  The record on appeal does not contain Freeman's alleged conversations with counsel, so we cannot consider them. *State v. Neu*, 4th Dist. Adams No. 12CA942, 2013-Ohio-616, ¶ 23 (appellate court may not consider evidence outside the record in a direct appeal).  It appears from Freeman's appellate brief that the alleged conversations occurred in private, but to whatever extent he may claim they occurred during a recorded proceeding, "[t]he duty to provide a transcript for appellate review falls upon the appellant.  This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp*

*v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Because Freeman failed to provide this court with the transcript of the proceedings below, we are unable to determine what may have been expressly discussed on the record during hearings in this matter and must presume the regularity of the proceedings below. *State v. Bear*, 4th Dist. Gallia No. 20CA9, 2021-Ohio-1539, ¶ 32.

**{¶9}** The limited record before this court does not support Freeman's contention that trial counsel's performance was deficient. The record does not indicate that counsel gave Freeman incorrect advice about the joinder of cases, that counsel refused to provide him with a defense even though he is innocent, or that counsel coerced him into pleading guilty. Freeman executed a form indicating that he had confidence in his attorney, that no promises, threats, or inducements were made to persuade him to plead guilty, and that he was making the plea of his own free will. Although Freeman indicated on the form that he or his counsel had competent evidence to offer to show that he was not guilty of the offense charged, he also indicated that he and his counsel believed there was a factual basis for the guilty plea. Moreover, any motion to dismiss based on alleged evidence of innocence would have been futile because "a motion to dismiss that goes beyond the face of an indictment essentially is a motion for summary judgment, and a trial court has no authority to grant such a motion in a criminal case." *State v. Robinson*, 4th Dist. Athens No. 01CA51, 2002-Ohio-6150, ¶ 27. In addition, the record does not reflect that Freeman asked counsel to move to withdraw his guilty plea, and even if Freeman did, he has not shown such a motion would have been successful.

**{¶10}** For the foregoing reasons, we conclude that Freeman failed in his burden to show that he received ineffective assistance of counsel. We overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
                     Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**