[Cite as *State v. Parker*, 2025-Ohio-5004.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>MARQUES C. PARKER,<br><br>    Defendant - Appellant | Case No. CT2025-0026<br><br>Opinion & Judgment Entry<br><br>Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2023-0105<br><br>Judgment:   Affirmed<br><br>Date of Judgment:  November 3, 2025 |

BEFORE: William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer, for Plaintiff-Appellee; April F. Campbell, for Defendant-Appellant.

*Gormley, J.*

{¶1}    The trial lawyer for defendant Marques Parker in this criminal case was also the trial lawyer for Parker's co-defendant.  The co-defendant was acquitted by a jury, whereas Parker pled no contest and was convicted on a drug-trafficking charge.

{¶2}    Parker argues here that his trial lawyer provided ineffective assistance of counsel by representing him after earlier handling the co-defendant's case, and Parker claims, too, that his plea was not a knowing and intelligent one because the dual-representation issue was not addressed on the record at his plea change.  He also faults the trial judge for failing to inquire about the issue.

{¶3}    Because we find that no actual conflict adversely affected counsel's performance in Parker's case, and because we see nothing in the record that causes us to doubt the validity of Parker's no-contest plea, we affirm the trial court's judgment.

**The Key Facts**

**{¶4}** In the same indictment in which Parker was accused of committing multiple drug-related offenses in Muskingum County, Adrianna Gibson was indicted on one drug-related charge. Gibson's case proceeded to trial first, and she was acquitted by a jury.

**{¶5}** The attorney who had represented Gibson at that trial was then hired by Parker, and that attorney filed a motion to suppress, represented Parker at the suppression hearing, and — after the trial court denied the suppression motion — represented Parker when he entered a no-contest plea and when he was sentenced. Gibson did not testify at any hearings in Parker's case, and Gibson is now deceased.

**Parker's Trial Attorney Was Not Ineffective**

**{¶6}** To establish ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

**{¶7}** The Sixth Amendment guarantees a defendant the right to legal representation free from conflicts of interest. *State v. Dillon*, 74 Ohio St.3d 166, 167 (1995). When evaluating claims of ineffective assistance based on an alleged conflict, courts distinguish between simultaneous and successive representation. Simultaneous representation occurs when a single attorney represents two or more co-defendants at the same time, whereas successive representation occurs when defense counsel has previously represented a co-defendant or trial witness. *State v. Tingler*, 2022-Ohio-3792, ¶ 30 (4th Dist.); *State v. Jones*, 2008-Ohio-1068, ¶ 77 (5th Dist.).

**{¶8}** Simultaneous and successive representation differ materially because, with the latter, the attorney is no longer beholden to the former client. *Jones* at ¶ 77. For that reason, any effort to prove that counsel actively represented conflicting interests is more difficult in cases of successive rather than simultaneous representation. *Moss v. United States*, 323 F.3d 445, 459 (6th Cir. 2003).

**{¶9}** To establish a violation of his or her Sixth Amendment right to effective assistance of counsel, a defendant who did not raise an objection to counsel's representation in the trial court must demonstrate that an actual conflict of interest adversely affected his or her lawyer's performance. *Jones* at ¶ 76, citing *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Our court will not presume that a possible conflict of interest resulted in ineffective assistance, and the mere possibility of a conflict is insufficient to cast doubt on the validity of a criminal conviction. *Jones* at ¶ 76, citing *State v. Manross*, 40 Ohio St.3d 180, 182 (1988).

**{¶10}** Here, Parker's trial attorney represented the co-defendant at that person's trial held more than a year before Parker's suppression hearing. That co-defendant was acquitted by a jury, so her case ended once the verdict was announced. The trial attorney's representation of Parker did not begin until some 15 months after the co-defendant's acquittal, so the attorney's work on the cases is rightly categorized as successive rather than simultaneous representation. Parker in these circumstances would need to identify an actual conflict of interest that adversely affected his attorney's performance.

**{¶11}** Parker has offered no evidence of a conflict between the attorney's representation of the co-defendant and the attorney's work for him, and he has not

identified any adverse effect that flowed from the successive representation. He has not identified any particular strategy that his attorney ought to have pursued but did not, any evidence his attorney should have elicited but failed to present, or any confidential information from the prior representation that could have adversely affected his case. The record is devoid of any showing that counsel was prevented from arguing particular facts, pursuing specific defenses, or cross-examining witnesses due to divided loyalties. We simply see no evidence that the prior representation of the co-defendant created any actual conflict that affected Parker's defense or altered the attorney's efforts on his behalf.

{¶12} Because Parker has failed to demonstrate that an actual conflict existed, he necessarily has failed to show that any such conflict adversely affected his counsel's performance. *Tingler*, 2022-Ohio-3792, at ¶ 39 (4th Dist.) (finding no ineffective assistance where the defendant failed to demonstrate an actual conflict despite his attorney's prior representation of a co-defendant). Without evidence of an actual conflict that adversely affected representation, Parker's ineffective-assistance claim fails. Accordingly, his first assignment of error is overruled.

## The Trial Court Did Not Err by Failing to Inquire About a Possible Conflict

{¶13} Where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a criminal defendant, the trial court has an affirmative duty to inquire whether a conflict of interest exists. *State v. Gillard*, 64 Ohio St.3d 304, 311 (1992). This duty, however, arises only when the court knows or reasonably should know that a particular conflict exists, not when there is merely a vague, unspecified possibility of conflict. *Mickens v. Taylor*, 535 U.S. 162, 168–169 (2002).

**{¶14}** Moreover, a trial court's failure to inquire into a potential conflict does not transform a possible conflict into an actual one, and that absence of any inquiry certainly does not automatically require a new trial. *Tingler* at ¶ 31. Further, our court will not find an error where the record contains no information establishing the existence of a conflict. *State v. Morris*, 2025-Ohio-1039, ¶ 34 (5th Dist.).

**{¶15}** Here, even were we to assume that the trial court should have inquired further once it became aware of the prior representation, any such failure would not warrant reversal because Parker has not demonstrated an actual conflict. The trial court's awareness of the successive representation — standing alone — does not show that counsel's performance was significantly affected or that the outcome in the trial court was unreliable. *Moss*, 323 F.3d at 471.

**{¶16}** The record here shows that Parker's attorney mentioned on the record at Parker's suppression hearing her prior representation of the co-defendant. No objection was raised by Parker, and no conflict was alleged by either party. The co-defendant had been acquitted more than a year earlier, Parker chose to hire the same attorney who had represented that co-defendant, and the co-defendant did not testify or otherwise participate in Parker's case. Under these circumstances, we see no indication that an actual conflict existed that required further inquiry by the trial court.

**{¶17}** Because Parker has failed to demonstrate that an actual conflict adversely affected his attorney's performance, the trial court's failure to inquire about the prior representation cannot be described as erroneous. *State v. Brock*, 2019-Ohio-3195, ¶ 37 (2d Dist.). Parker's third assignment of error is overruled.

**Parker's No-Contest Plea Was Knowing, Voluntary, and Intelligent**

{¶18}  A no-contest plea must be made knowingly, voluntarily, and intelligently to satisfy constitutional requirements.  *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).  Parker does not allege that the trial court failed to comply with Criminal Rule 11 in accepting his plea, and he does not claim that he lacked an understanding of the charges against him or the consequences of his plea.  *State v. Colvin*, 2003-Ohio-3389, ¶ 47–48 (5th Dist.) (rejecting a defendant's challenge to the validity of a no-contest plea).  The record demonstrates that Parker entered his plea after a full suppression hearing at which he was represented by counsel.  The trial court conducted a proper plea colloquy and found Parker's plea to be knowing, voluntary, and intelligent.  *Id*. at ¶ 48.

{¶19}  With no showing of an actual conflict that adversely affected counsel's performance, Parker cannot show that his legal representation was deficient.  His plea was therefore valid.  Parker's second assignment of error is overruled.

**{¶20}** For the reasons explained above, the judgment of the Court of Common Pleas of Muskingum County is affirmed. Costs are to be paid by Appellant Marques Parker.

By: Gormley, J.;

Hoffman, J. and

Baldwin, P.J. concur.